1  KINDRA DENEAU (State Bar No. 024156)
2  7135 East Camelback Rd., Suite 230
   Scottsdale, Arizona 85251
3  Telephone:  (480) 306-5977
4  Facsimile:  (602) 626-3504
   E-mail: kdeneau@lemberglaw.com
5

6  *Of Counsel to*
   Lemberg & Associates LLC
7  A Connecticut Law Firm
8  1100 Summer Street
   Stamford, CT  06905
9  Telephone:  (203) 653-2250
10 Facsimile:  (203) 653-3424

11 Attorneys for Plaintiff,
12 Tammy Ricken

13          IN THE UNITED STATES DISTRICT COURT

14            FOR THE DISTRICT OF ARIZONA

15

16 Tammy Ricken,                          Case No.:

17          Plaintiff,

18     vs.                                **COMPLAINT**
19

20 AmeriCredit Financial Services, Inc.; and
   DOES 1-10, inclusive,
21

22          Defendants.

23

24      For this Complaint, the Plaintiff, Tammy Ricken, by undersigned counsel,

25 states as follows:

26

27

28

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of

Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to

collect a consumer debt.

2.      Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331,

1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

Defendants transact business here and a substantial portion of the acts giving rise to

this action occurred here.

## PARTIES

4.      The Plaintiff, Tammy Ricken (hereafter "Plaintiff"), is an adult individual

residing in Surprise, Arizona, and is a "consumer" as the term is defined by 15 U.S.C.

§ 1692a(3).

5.      The Defendant, AmeriCredit Financial Services, Inc. (hereafter "AmeriCredit"),

is a company with an address of 801 Cherry Street, Suite 3500, Fort Worth, Texas

76102, operating as a collection agency, and is a "debt collector" as the term is

defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by

AmeriCredit and whose identities are currently unknown to the Plaintiff.  One or more

2

of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     AmeriCredit at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Alleged Debt**

8.     The Plaintiff's adult son allegedly incurred a financial obligation in an unknown amount (the "Debt") to a Creditor (the "Creditor").

9.     The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The alleged Debt was purchased, assigned or transferred to AmeriCredit for collection, or was employed by the Creditor to collect the alleged Debt.

11.    The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     AmeriCredit Engages in Harassment and Abusive Tactics**

12.    Within the last year, the Defendants contacted Plaintiff in an attempt to collect the alleged Debt.

3

13.     Defendants have placed an excessive number of calls to Plaintiff's home telephone, and have placed well more than three calls in a single day to Plaintiff in an attempt to collect the alleged Debt.

14.     Plaintiff works from home, and the daily calls to Plaintiff's home telephone have been a serious disruption for Plaintiff.

15.     Plaintiff has repeatedly told Defendants that her son does not reside with her, and to stop calling Plaintiff.

16.     Defendants have blatantly disregarded Plaintiff's requests for them to cease and desist the harassing phone calls to her residence.  In fact, Defendants have called Plaintiff at times when Plaintiff would pick up and hang up, only to have Defendants immediately call back again numerous times back to back.

17.     Defendants have wrongfully accused Plaintiff of hiding or harboring Defendants' collateral in Plaintiff's garage, and Defendants have threatened that they will sue Plaintiff.

18.     Defendants have had no good faith basis for making these accusations and threats against Plaintiff.

19.     Plaintiff became very distressed by Defendants' calls and threats, and informed Defendants on one occasion that her mom was dying and she was trying to make travel arrangements to visit her mom.  In response to her plea for the calls to stop,

4

Defendants told Plaintiff, "We will sue you and you can tell your boo hoo sob story to the judge."

20.     On or about January 20, 2012, Plaintiff informed Defendants that she is represented by an attorney and to contact her counsel regarding the alleged Debt. Defendants said they are represented as well, and hung up before Plaintiff could provide them with her counsel's contact information.

21.     Defendants have called Plaintiff again since learning Plaintiff is represented by an attorney.

## C.     **Plaintiff Suffered Actual Damages**

22.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

27.     The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

28.     The Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

29.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

30.     The Defendants used abusive language when speaking with the Plaintiff, in violation of 15 U.S.C. § 1692d(2).

31.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

6

32.     The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

33.     The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

34.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

<u>**COUNT II**</u>

<u>**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**</u>

36.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

38.     Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Arizona state law.

39.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff and repeatedly placing calls to Plaintiff's home telephone.

7

40.     The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

41.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

42.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

43.     All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

45.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

8

46.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

47.     As a result of the Defendants' intentional infliction of emotional distress, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

E. Punitive damages;

9

F.  For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant

to A.R.S. § 12-341; and

G.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  April 18, 2012                    LEMBERG & ASSOCIATES, LLC


By:___/s/___Kindra Deneau_____
Kindra Deneau

Attorney for Plaintiff
Tammy Ricken

10